709 S.E.2d 194

**M & J GARAGE AND TOWING, INC., a West Virginia corporation, Plaintiff below, Appellant,**

v.

**The WEST VIRGINIA STATE POLICE, Defendant below, Appellee.**

No. 35466.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 15, 2010.

Decided Oct. 14, 2010.

J. David Judy, III, Esq., Judy & Judy, Moorefield, WV, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Charleston, WV, Virginia Grottendieck Lanham, John A. Hoyer, Assistant Attorneys General, South Charleston, WV, for Appellee.

KETCHUM, Justice:

This action is before this Court upon the appeal of the plaintiff below, M & J Garage and Towing, Inc., (hereinafter "M & J") from the May 12, 2009, order of the Circuit Court of Kanawha County dismissing the action upon the motion of the defendant below, the West Virginia State Police (hereinafter collectively as "State Police" or "WVSP"). Seeking declaratory and injunctive relief, M & J alleged in its complaint that the State Police wrongfully interfered with its business of towing wrecked or disabled motor vehicles by removing M & J from a WVSP list of available wrecker services. The controversy arose upon the determination by the State Police that M & J had been overcharging its customers. M & J denied overcharging customers and asserted that any billing disputes should have been referred to the West Virginia Public Service Commission. M & J also asserted that the State Police is without statutory authority to maintain its own list of local wrecker services available for dispatch when authority in that regard is mandated by the West Virginia Legislature to be jointly exercised by various State agencies, including the State Police, in the public interest. The Circuit Court concluded, however, that the adverse measure taken by the State Police toward M & J had been "fair and equitable" under WVSP policy.

This Court is of the opinion that M & J is correct in asserting that the billing disputes concerning its customers should have been referred to the Public Service Commission for resolution and that the State Police acted without authority in removing or limiting M & J as an available wrecker service in the community because of the disputes. In the latter regard, this Court notes that the action of the State Police occurred subsequent to M & J's registration as a common carrier for towing wrecked or disabled motor vehicles and after chargeable rates for those services were established by the Public Service Commission.

Accordingly, this Court holds that, in fulfilling its statutory mission, expressed in *W.Va.Code,* 15–2–12(a) [2007], to enforce criminal and traffic laws in West Virginia and to maintain the safety of public streets, roads and highways, State Police detachments may exercise reasonable discretion in dispatching or utilizing an appropriate towing or wrecker service registered as a common carrier with the West Virginia Public Service Commission. However, the State Police and its detachments are without authority to resolve billing disputes between a registered towing

or wrecker service and its customers. Instead, complaints made by customers concerning rates permitted to be charged or allegations of over-billing should be referred to the Public Service Commission.

Consequently, the Circuit Court was incorrect in suggesting in the order of May 12, 2009, that the State Police can resolve billing disputes between a registered towing or wrecker service and its customers if the WVSP acts fairly and equitably. Because the State Police after the lawsuit was filed rescinded the maintenance and use of any separate WVSP list of available wrecker services (from which M & J was allegedly deleted), the granting of injunctive relief in favor of M & J is not warranted. Therefore, the May 12, 2009, order of the Circuit Court of Kanawha County is affirmed.

## I.

### Factual Background

M & J Garage and Towing, Inc. (M & J is an abbreviation for Matt and Judy Brown), is a family operated company engaged in the business of towing wrecked or disabled motor vehicles. Located in Weston, West Virginia, it provides services in Lewis County and surrounding counties. Its registration as a common carrier for hire, and chargeable rates, were established by authority of the West Virginia Public Service Commission pursuant to *W.Va.Code,* 24A–2–1 [1937], *et seq.*

As recognized in *W.Va.Code,* 5F–2–1(h) [2010], the State Police, as an agency of State government, is a part of the West Virginia Department of Military Affairs and Public Safety. More specifically, *W.Va.Code,* 15–2–1 [1977] *et seq.,* sets forth a statutory scheme concerning the WVSP and expresses its mission in *W.Va.Code,* 15–2–12(a) [2007], as follows:

The West Virginia State Police shall have the mission of statewide enforcement of criminal and traffic laws with emphasis on providing basic enforcement and citizen protection from criminal depredation throughout the state and maintaining the safety of the State's public streets, roads and highways.

In fulfilling its mission, the State Police commonly rely on wrecker services in emergency and non-emergency situations. Both situations vary greatly and include the removal from streets, roads and highways of motor vehicles involved in traffic accidents, inclement weather conditions and instances where motor vehicles are stopped, disabled or abandoned as a result of criminal activity. Consequently, some, but not all, dispatches for wrecker services are made through local 911 emergency telephone systems.

As of 2006, the State Police maintained a written list of available wrecker services in various geographic areas of the State. The list, a part of and known as WVSP OPP 23–2, contained a purpose clause which observed that the WVSP "has an obligation to the motoring public to provide protection and service in selecting a wrecker service when [the] towing of a vehicle by the State Police is required." Significantly, for placement on the list, a wrecker service was obligated to meet certain guidelines, including the following with regard to the West Virginia Public Service Commission:

> 23–2.07 E. The wrecker service will be required to certify that the service meets all applicable requirements of Public Service administrative rule 150 CSR 9— "Rules and Regulations for the Government of Motor Carriers and Private Commercial Carriers".[1]

> The rates and charges for third-party tow wrecker service, and for services incidental thereto, are regulated by the Public Service Commission of West Virginia. If you feel that you have been charged unfairly, you may complain to that agency at the following address: Executive Secretary, Public Service Commission of West Virginia, P.O. Box 812, Charleston, WV 25323.

---

**1.** Public Service Commission Legislative Rule, 150 CSR 9–5.1 [2003], for example, states, in part, that "[n]o wrecker company, other than an authorized wrecker company, shall transport motor vehicles for hire, by wrecker truck." Moreover, 150 CSR 9–5.2 [2003], concerns invoice requirements and the retention of records by the wrecker company. Pursuant to 150 CSR 9–5.2e.11 [2003], the following language must be included in a wrecker company's invoice:

In August 2008, M & J received a telephone call from the WVSP to the effect that numerous complaints had been made against M & J showing a pattern and practice of excessive billing. Subsequently, by letter dated October 28, 2008, M & J was informed by the WVSP that it had been removed from the State Police list of available wrecker services because of over-billing and also because M & J failed to comply with the WVSP's request for rate information with regard to M & J's towing operations. In response, M & J denied any incidents of over-billing and stated that no complaints against it had been received by the Public Service Commission within the last two years. Moreover, M & J asserted that the WVSP's request to review its rates and financial records constituted an unwarranted intrusion. Claiming interference with the operation of its wrecker service, M & J asserted that the State Police, on at least one occasion, turned it away from a county 911 emergency dispatch. In addition, M & J stated: "During this past winter, with the heavy snows, [M & J] may have lost as much as $100,000.00 in revenue by the refusal of the State Police to call [M & J's] business."

By Department Memorandum dated March 9, 2009, subsequent to the filing of this action, the State Police rescinded WVSP OPP 23–2 and ceased using a State Police list of available wrecker services.

## II.

### Procedural Background

On January 5, 2009, M & J filed an action in the Circuit Court of Kanawha County against the West Virginia State Police.[2] The complaint sought declaratory relief pursuant to the West Virginia Uniform Declaratory Judgments Act, *W.Va.Code,* 55–13–1 [1941] *et seq.,* and also injunctive relief. In conjunction therewith, the complaint sought monetary damages "generated by the violations of statutory and Constitutional law" by the State Police. During oral argument before this Court, however, M & J waived its claim for monetary damages. Finally, the complaint sought costs and attorney fees with regard to M & J's pursuit, under the Freedom of Information Act, of information from the State Police concerning customer complaints.

The complaint alleged that the WVSP is without statutory authority to maintain an autonomous list of available wrecker services and that, by using the list and removing M & J from it because of billing disputes, the State Police interfered with M & J's business operations as a common carrier, without affording M & J the protections which would have been available through the Public Service Commission. The complaint further alleged that the WVSP has invaded the jurisdiction of the Public Service Commission and has acted contrary to the public interest by, in effect, regulating and penalizing M & J in these circumstances. M & J demanded declaratory judgment in that regard and an injunction ordering the State Police to cease and desist from removing M & J from any dispatch list of available wrecker services.

The WVSP filed a motion to dismiss under West Virginia Rule of Civil Procedure 12(b)(1), concerning lack of jurisdiction, and Rule 12(b)(6), concerning the failure to state a claim. The motion alleged that, inasmuch as WVSP OPP 23–2 had been rescinded and the State Police no longer maintained its own wrecker rotation list, the action should be dismissed as moot. M & J asserted, however, that the rescinding of WVSP OPP 23–2 did not resolve the controversy, especially since the State Police had not fully responded to the request for customer complaints.

On April 1, 2009, the Circuit Court conducted a non-evidentiary hearing and took the matter under advisement. Thereafter, the Circuit Court entered the order of May 12, 2009, granting the motion of the State Police to dismiss the complaint. The Court concluded that M & J has "no statutory right to be called by the West Virginia State Police to perform wrecker services" and that the adverse measure taken by the State Police

---

**2.** Although M & J's principal place of business is in Weston, Lewis County, venue in this action is proper pursuant to *W.Va.Code,* 14–2–2(a)(1) [1976], which directs that suits in which State agencies are made party defendants shall be brought in Kanawha County.

toward M & J had been "fair and equitable" under WVSP policy.

M & J Garage and Towing, Inc., appeals from the May 12, 2009, order.

## III.

### Standard of Review

■ As stated above, the motion to dismiss was filed by the State Police under West Virginia Rule of Civil Procedure 12(b)(1), concerning lack of jurisdiction, and Rule 12(b)(6), concerning the failure to state a claim. This Court's review of the ruling of the Circuit Court granting the motion is *de novo*. Syllabus point 2 of *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995), holds: "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. pt. 1, *Lontz v. Tharp*, 220 W.Va. 282, 647 S.E.2d 718 (2007); syl. pt. 1, *Rhododendron Furniture & Design v. Marshall*, 214 W.Va. 463, 590 S.E.2d 656 (2003). In fact, appellant review is *de novo* of both an order granting a motion to dismiss and the entry of a declaratory judgment. Syl. pt. 1, *Randolph County Board of Education v. Adams*, 196 W.Va. 9, 467 S.E.2d 150 (1995); syl. pt. 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995); 1B M. J., *Appeal and Error* § 240 (Matthew Bender & Co.2008).

## IV.

### Discussion

■ Following its removal from the WVSP list as an available wrecker service, M & J made a request for copies of all complaints in the possession of the State Police relating to M & J's billing practices. In response, the State Police, by letter dated November 20, 2008, indicated that M & J had been removed on the basis of a single complaint arising from a May 2008 incident on

Interstate 79. The incident involved a semi-truck trapped in the mud in the highway median. M & J extricated the truck for a charge of $2,900.00, resulting in a complaint alleging gross over-billing. According to the State Police, although it requested and received M & J's approved towing rates from the Public Service Commission, M & J failed to comply with the WVSP's request for the rates it was actually charging customers.[3] Upon retaining counsel, M & J sent a response to the WVSP stating that because of the inclement weather, road conditions, the need to use two tow trucks and the precautions taken to avoid property damage and maintain safety, the invoice concerning the semi-truck was proper and in compliance with Public Service Commission regulations.

As a common carrier of property for the general public, M & J is subject to the authority of the West Virginia Public Service Commission and, generally, to the laws of this State pertaining to public utilities. *W.Va.Code*, 24A–2–1 [1937]. The regulatory powers of the Public Service Commission concerning carriers such as M & J are set forth in *W.Va.Code*, 24A–2–3 [1937], which states, in part:

> The commission is vested with power and authority to supervise and regulate all common carriers by motor vehicle and to fix, alter, regulate, and determine just, fair, reasonable, and sufficient rates, joint rates, charges and classifications; to regulate the facilities, accounts, service and safety of operations of each such carrier; to regulate operating and time schedules so as to meet the reasonable needs of any community[.][4]

In addition, the powers of the Public Service Commission include those set forth in *W.Va.Code*, 24A–5–1 [1976]. That statute provides that the Commission has the power to "originate, establish, promulgate, change,

---

**3.** In addition to the semi-truck occurrence, the State Police indicated that M & J overcharged an automobile driver for towing services when the State Police charged the driver with operating the vehicle without a license. The driver protested the towing charge, but no formal complaint was pursued.

**4.** With regard to facilities, *W.Va.Code*, 24A–6–1 (1937), states, in part: "Every motor carrier subject to this chapter shall establish and maintain adequate and suitable facilities, safety appliances, and other suitable appliances and shall perform such service in respect thereto as shall be reasonably safe and sufficient for the security and convenience of the public[.]"

investigate and enforce" rates and schedules of motor carriers and the "practices, services and facilities" of motor carriers. That statute further provides that the Commission, following a hearing, may remedy any violations in that regard. As *W.Va.Code,* 24A–5–1 [1976], further provides:

> And whenever the commission shall, after hearing, find any existing rates, tariffs, joint rates, classifications, schedules, practices, services or facilities unjust, unreasonable, insufficient, or unjustly discriminatory or otherwise in violation of any of the provisions of this chapter, the commission shall, by order, fix and require reasonable rates, joint rates, tariffs, classifications, schedules, practices, services or facilities to be followed or established in the future in lieu of those found to be unjust, unreasonable, insufficient or unjustly discriminatory or otherwise in violation of any provisions of law.

Finally, under *W.Va.Code,* 24A–7–1 [1947], any "person, firm, association of persons, corporation, municipality, or county" may present a petition to the Public Service Commission alleging a violation or transgression of Chapter 24A by a motor carrier.

In the matter now contested, the State Police list of local, available wrecker services adopted through WVSP OPP 23–2 is not dispositive. The policy and the use of the list were rescinded on March 9, 2009. In any event, for placement on the list, a wrecker service was obligated to meet Public Service Commission guidelines. As the Circuit Court's order of May 12, 2009, acknowledged: "Pursuant to the policy, [M & J] completed a 'Wrecker Service Questionnaire' and certified that it met all applicable requirements of the Public Service Commission, administrative rule 150 CSR 9."

■ Consequently, this Court is of the opinion that M & J is correct in asserting that any billing disputes concerning its customers should have been referred to the Public Service Commission for resolution, *see* n. 1, *supra,* and that the State Police acted without authority or beyond its mission in that regard by removing or substantially limiting M & J as an available wrecker service in the community. In syllabus point 3 of *Mountaineer Disposal Service v. Dyer,* 156 W.Va. 766, 197 S.E.2d 111 (1973), this Court observed: "Administrative agencies and their executive officers are creatures of statute and delegates of the Legislature. Their power is dependent upon statutes, so that they must find within the statute warrant for the exercise of any authority which they claim. They have no general or common-law powers but only such as have been conferred upon them by law expressly or by implication." Syl. pt. 4, *McDaniel v. West Virginia Division of Labor,* 214 W.Va. 719, 591 S.E.2d 277 (2003).

By restating the above principle of *Dyer,* however, this Court is not suggesting that the respective jurisdictions of the Public Service Commission and the State Police are mutually exclusive with regard to the dispatching of wrecker services. Here, the Circuit Court committed error in failing to acknowledge the authority of the Public Service Commission under *W.Va.Code,* 24A–2–3 [1937], and *W.Va.Code,* 24A–5–1 [1976], to supervise and regulate, *inter alia,* the rates, charges, practices and services of common carriers engaged in the business of towing wrecked or disabled motor vehicles. In conjunction with the regulatory scheme concerning towing services, the State Police pursuant to *W.Va.Code,* 24A–7–6 [1996], are authorized to make arrests for statutory violations concerning the authority of the Public Service Commission. Moreover, *W.Va. Code,* 24–6–12(a) [2001], requires that county commissions or municipalities operating an emergency telephone system, or an enhanced emergency telephone system, shall establish a policy that provides "for the most prompt, fair, equitable and effective response to requests or dispatches for emergency towing services." This section requires that the county commission, in establishing the policy, shall consult with "all public safety units." It is clear that the State Police shall have input regarding a county commission's policy concerning the dispatching of wrecker services.

The statutes cited above evidence a legislative recognition of the importance of the contributions of the West Virginia State Police both in the adoption of emergency com-

munication systems and the police response in emergency and non-emergency situations. In the numerous and unpredictable circumstances faced by the State Police where wrecker services are to be called, a degree of reasonable discretion is warranted. For example, if the victim or the suspect in a criminal matter is related to the owners of a particular wrecker company, the State Police, in that instance, would be justified in calling a different wrecker service. Complaints from customers about charges or the quality of services, however, rightfully belong before the Public Service Commission.

◼ The WVSP is entitled to reliable wrecker services in fulfilling its statutory mission of statewide enforcement of criminal and traffic laws and in maintaining the safety of public streets, roads and highways. The resolution of customer billing disputes, however, should be left to the Public Service Commission. Accordingly, this Court holds that in fulfilling its statutory mission, expressed in *W.Va.Code*, 15-2-12(a) [2007], to enforce criminal and traffic laws in West Virginia and to maintain the safety of public streets, roads and highways, State Police detachments may exercise reasonable discretion in dispatching or utilizing an appropriate towing or wrecker service registered as a common carrier with the West Virginia Public Service Commission. However, the State Police and its detachments are without authority to resolve billing disputes between a registered towing or wrecker service and its customers. Instead, complaints made by customers concerning rates permitted to be

charged or allegations of over-billing should be referred to the Public Service Commission.[5]

◼ Consequently, the Circuit Court was incorrect in suggesting that the State Police can adjudicate or resolve billing disputes between a registered towing or wrecker service and its customers if the WVSP acts "fairly and equitably." However, in the circumstances of this action, inasmuch as the State Police have rescinded the maintenance and use of a separate WVSP list of available wrecker services, from which M & J was allegedly deleted, the granting of declaratory and injunctive relief in favor of M & J is a moot issue. Furthermore, M & J voluntarily abandoned any claim for damages that resulted from any wrongful act of the State Police. Therefore, the May 12, 2009, order granting the motion to dismiss must be affirmed. Syl. pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965) (This Court may affirm when the judgment of the lower court is correct "on any legal ground disclosed by the record," regardless of the ground assigned by the lower court.). *See also, State ex rel. Farmer v. McBride*, 224 W.Va. 469, 481 n. 15, 686 S.E.2d 609, 621 n. 15 (2009) (citing *Barnett* for the same principle).[6]

## V.

### Conclusion

The May 12, 2009, order of the Circuit Court of Kanawha County granting the mo-

---

5. As acknowledged in the brief filed by the State Police: "No matter how the WVSP chooses to call for wrecker or towing services, the vast majority of the time the service is provided to and paid for by an individual or entity and not the WVSP."

6. M & J raises as error the Circuit Court's failure to consider its allegations in the complaint concerning its Freedom of Information Act requests and the WVSP's failure to fully respond, and M & J's request for attorney fees. According to M & J, the WVSP failed to fully respond to requests made under the West Virginia Freedom of Information Act for copies of all billing complaints in the possession of the WVSP made by M & J's customers. As indicated above, the State Police disclosed only one complaint after asserting that numerous complaints had been made. Pursuant

to *W.Va.Code*, 29B-1-7 [1992], costs and attorney fees may be recovered where access to public records has been denied. The Circuit Court did not address this issue in the order of May 12, 2009.

Although M & J raised the Circuit Court's omission as error, that assignment of error was not briefed. One sentence in M & J's "Argument of Law" mentions this error in passing. It is, therefore, deemed waived. *See, Covington v. Smith*, 213 W.Va. 309, 317 n. 8, 582 S.E.2d 756, 764 n. 8 (2003) (casual mention of an issue in a brief is insufficient to preserve the issue on appeal); *Tiernan v. Charleston Area Medical Center*, 203 W.Va. 135, 140 n. 10, 506 S.E.2d 578, 583 n. 10 (1998) ("Assignments of error that are not argued in the brief on appeal may be deemed by this Court to be waived.").

tion of the West Virginia State Police to dismiss is affirmed.

Affirmed